IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NALAKA SEMARATNE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-0316 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss ("Motion") [Doc. # 2] filed by Defendant United States of America. By Order [Doc. # 4] entered February 25, 2011, Plaintiff was directed to file any opposition to Defendant's Motion by March 18, 2011, and was cautioned that failure to respond by the deadline would result in dismissal of this case. Plaintiff neither filed any opposition to the Motion nor requested additional time to do so. Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.3, 7.4. Having reviewed the record and applicable legal authorities, the Court **grants** the Motion.

Plaintiff filed a Request for Tow or Boot Hearing in Harris County, Texas, seeking a hearing to determine whether her vehicle was improperly towed from a United States Postal Service Vehicle Maintenance Facility. Plaintiff alleges that she

paid $187.89 in fees to obtain the release of her vehicle after it was towed. The United States removed the case to federal court and moved to dismiss.

It is unclear what relief, other than a hearing, Plaintiff seeks in this case. It appears, however, that she seeks to recover the $187.89 she paid in connection with the allegedly improper tow. Therefore, Plaintiff appears to assert a tort claim against the United States and to seek monetary relief.

Under the Federal Tort Claims Act ("FTCA"), a plaintiff cannot maintain a lawsuit against the United States unless she first exhausts her administrative remedies. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 107 (1993). Specifically, a plaintiff must file an administrative claim against the United States with the appropriate federal agency within two years after the claim accrues. *See* 28 U.S.C. § 2401(b); *Houston v. United States Postal Svc.*, 823 F.2d 896, 902 (5th Cir. 1987). Compliance with the administrative requirements is a jurisdictional prerequisite to filing a lawsuit. *See MacMillan v. United States*, 46 F.3d 377, 380 n.3 (5th Cir. 1995).

Plaintiff in this case has neither alleged nor shown that she has exhausted her administrative remedies as required by the FTCA. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss [Doc. # 2], to which no opposition has been filed, is **GRANTED**. This case will be dismissed by separate order.

SIGNED at Houston, Texas, this **31**ˢᵗ day of **March, 2011**.

*(signature)*

Nancy F. Atlas
United States District Judge